FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JUL -9 P 3: 59

CLERK _____
S. DIST. _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

VONDA L. DIXON,               )
                              )
            Plaintiff,        )
                              )
    v.                        )          CIVIL ACTION NO.: CV506-027
                              )
JO ANNE B. BARNHART,          )
Commissioner of Social Security, )
                              )
            Defendant.        )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge L. Ellis Davis ("the ALJ" or "ALJ Davis") denying her claim for Disability Insurance Benefits and Supplemental Security Income benefits. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income payments on July 9, 2003, alleging that she became disabled on April 1, 2003, due to a heart condition, arthritis, stomach problems, female problems, emotional problems, asthma, gout, fibromyalgia, weak legs, sleeping disease, migraine headaches, anxiety attacks, and depression. After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On June 16, 2005, ALJ Davis held a hearing at which Plaintiff appeared and testified via video teleconference. Mark

Leaptrot, a vocational expert, also testified at this hearing. ALJ Davis found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 22). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 6).

Plaintiff, born on December 25, 1964, was forty (40) years old when ALJ Davis issued his decision. She has an eleventh grade education. (Tr. at 22, 31). Her past relevant work experience includes employment as a cook, cashier, and sewing machine operator. (Tr. at 22).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1;

2

Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to adjust to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of April 1, 2003, there was no evidence that Plaintiff engaged in substantial activity. (Tr. at 32). At Step Two, the ALJ determined that Plaintiff had an impairment or a combination of impairments considered severe within the Act. However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. The ALJ found Plaintiff retained the residual functional capacity to perform work at the light exertional level with the following limitations: lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk and sit 6 hours in a work day; no climbing of ropes, ladders, and scaffolds but could occasionally perform other forms of climbing; occasional crawling, stooping, or balancing; and frequent kneeling and crouching. Plaintiff was also to avoid dust and fumes. ALJ Davis also found Plaintiff had a limited but satisfactory ability to deal with the public, deal with work stresses, and maintain attention and concentration. ALJ Davis found Plaintiff's past relevant work as a cashier did not

3

require the performance of work-related activities precluded by her residual functional capacity. (Id.). ALJ Davis further found that Plaintiff's medically listed impairments, angina pectoris without ischemic heart disease and mood disorders, did not prevent Plaintiff from performing her past relevant work. (Tr. at 33). He concluded that Plaintiff was not under a disability at any time during the relevant period. (Id.).

## ISSUE PRESENTED

Plaintiff asserts that the ALJ erred in failing to give the opinion of her treating physician substantial weight.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at

4

1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

I.  **The ALJ's Determination That Dr. Jones' Opinion was not Entitled to Substantial Weight is Supported by Substantial Evidence.**

Plaintiff contends that ALJ Davis' decision to disregard the findings of Dr. Jones, her treating physician, is not supported by the evidence. Plaintiff alleges the ALJ had no valid reason to discount the findings of Dr. Jones, who found that Plaintiff would have to miss work three (3) times a month, and therefore, would not be able to perform work at the light exertional level. (Pl.'s Br., p. 5). Plaintiff also alleges the ALJ pointed to no medical evidence to contradict Dr. Jones' findings, other than the opinion of a non-examining, reviewing only physician from the State Agency. (Pl.'s Br., p. 12). Plaintiff asserts that, when the correct statement of her limited functional capacities is credited, the vocational expert's testimony reveals that she cannot perform a job which exists in the national economy. (Pl.'s Br., p. 14).

Defendant avers that ALJ Davis considered all of the medical evidence to determine whether Plaintiff was disabled. Defendant also avers the ALJ specifically discussed Dr. Jones' opinion in his decision. (Def.'s Br., p. 8). Defendant contends that Dr. Jones' opinion was not consistent with the medical evidence and the assessments and opinions of the other medical specialists. Defendant further contends that because of this, Dr. Jones' opinion was given less weight than the other medical opinions.

5

It is well-established that the opinion of a treating physician "'must be given substantial or considerable weight unless good cause is shown to the contrary.'" Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause" exists when: (1) the treating physician's opinion is not supported by the record; (2) the record supports a finding inconsistent with the treating physician's opinion; or (3) the treating physician's opinion is conclusory or inconsistent with his own medical records. Id. at 1241. The "ultimate conclusion" that a plaintiff "is disabled is an opinion on an issue reserved for the Commissioner and, as such, is not entitled to controlling weight." Walker v. Barnhart, 158 Fed.Appx. 534, 535 (5th Cir. 2005). "A statement by a medical source" that a plaintiff is "'disabled' or 'unable to work' does not mean" the Commissioner "will determine that [a plaintiff is] disabled." 20 C.F.R. § 404.1527(e)(1).

ALJ Davis determined that Plaintiff's angina pectoris without ischemic heart disease and mood disorders were severe impairments but were not severe enough to meet or medically equal one of the listed impairments. (Tr. at 32). The ALJ noted that, although the medical evidence of record established that Plaintiff had underlying medical conditions, the evidence did not support Plaintiff's allegations of limitation of functioning which would preclude all substantial gainful activity. The ALJ also noted that Plaintiff's allegations of discomfort were out of proportion with the objective evidence and that she was not "totally credible" in her allegations regarding her limitations. (Id.).

ALJ Davis noted Plaintiff went to the Coffee Regional Medical Center emergency room for a "myriad" of complaints from May 30, 2000, to December 17, 2003. (Tr. at 23-

6

25). On May 30, 2003, Plaintiff went to the emergency room complaining of a headache, numbness, and dizziness. A resulting sinus CT scan showed mild right sphenodial sinusitis and mild hypertrophy. The ALJ also noted, on another visit to the emergency room, Plaintiff complained of left-sided pleuritic-type chest pain which lasted 12 to 13 hours. A cardiovascular exam, chest x-ray, and blood test were negative and Plaintiff was diagnosed with pleuritis. The ALJ further noted that Plaintiff was seen at the emergency room on July 31, 2001, for neck and knee pain, and x-rays showed no evidence of a fracture, dislocation, or bony abnormalities. (Tr. at 24). Plaintiff was also seen on February 11, 2002, with complaints of a cough, chest pain, and body aching. Examination revealed that she had nasal congestion and enlarged tonsils, but no exudates. Plaintiff was diagnosed with bronchitis, laryngitis, and an upper respiratory infection. Plaintiff was admitted again on August 14, 2002, complaining of severe headaches. A CT scan showed no evidence of intracranial hemorrhage, midline shift, or hydrocephalus. Plaintiff was also seen at the emergency room on December 17, 2003, after collapsing in a shopping center. Upon examination, her chest was clear to auscultation, her cardiovascular exam was regular, and her extremities were normal; neurologically, Plaintiff seemed normal. ALJ Davis noted Plaintiff was also seen multiple times at the Bacon County Regional emergency room and once at the Satilla Regional Medical Center from March 22, 2003, to April 13, 2005. Each time Plaintiff complained of chest or leg pain; however, x-rays and ultrasounds revealed no serious injury or illness. (Id.).

The ALJ noted Plaintiff had a colonoscopy on June 3, 2003, which showed she had irritable bowl syndrome ("IBS"), and a hysterectomy and oophorectomy on August 12, 2003. (Tr. at 25). The ALJ also noted Plaintiff visited Dr. Bhavdip Patel, a sleep specialist, who

7

diagnosed Plaintiff with a "sleep breathing disorder." (Id.). Plaintiff also was seen by Dr. James Barber, an orthopedist, on July 26, 2005, at Dr. Jones' request. Dr. Barber's examination revealed Plaintiff's hip, ankle, and knee ranges of motion were full and complete. The ALJ observed that an MRI may have shown a lateral meniscus tear on one or two planes but was unremarkable otherwise. (Tr. at 27).

The ALJ noted that Plaintiff was given a psychological evaluation by Dr. Marc W. Eaton on September 29, 2003, at the request of the State Agency. Dr. Eaton found that Plaintiff, though complaining and whiny in manner, was alert and oriented in all spheres. Plaintiff's thinking centered upon her various physical ailments, and she repeatedly emphasized that pain from her arthritis prevented her from working. ALJ Davis further noted the results of a Computerized Assessment of Response-Biass and a Word Memory Test raised concerns about the authenticity and genuineness of Plaintiff's claims. Dr. Eaton found that these tests provided substantial evidence of dissimulation, which precluded a completion of the medical assessment of Plaintiff's ability to perform work-related activities. The ALJ also noted Dr. Eaton opined that Plaintiff had a good ability to understand, remember, and carry out simple job instructions. (Id.).

Dr. Cal VanderPlate, a State Agency psychological consultant, found that Plaintiff had moderate restrictions in the following areas: activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace. (Tr. at 28). Dr. VanderPlate also found that Plaintiff had no episodes of decompensation of extended duration. (Id.).

The ALJ noted Dr. John Hassinger completed a Physical Residual Functional Capacity Assessment of Plaintiff on February 11, 2004. (Tr. at 28). The ALJ also noted Dr.

8

Hassinger found Plaintiff could: occasionally lift and/or carry 50 pounds and 25 pounds frequently; stand and/or walk about 6 hours in 8 hour workday; and sit about 6 hours in an 8 hour workday. (Id.). ALJ Davis further noted Dr. Hassinger stated that Plaintiff should stay away from dust and fumes.

ALJ Davis found that Plaintiff was not totally credible in her assertion of inability to work. (Tr. at 30). ALJ Davis observed that, while Plaintiff complained of head, chest, and leg pain, all significant tests were negative. Left and right knee x-rays showed no evidence of a fracture, dislocation, or bony abnormalities. A CT scan of the head showed no evidence of an intracranial contrast or enhancing lesion. An EKG and heart catheterization showed no change in heart rate or evidence of heart disease. (Id.). ALJ Davis further observed that a colonoscopy showed Plaintiff had IBS and that Plaintiff was on hormone replacement therapy due to hysterectomy and oophorectomy. ALJ Davis noted Plaintiff was 65 inches tall and weighed 265 pounds. ALJ Davis further noted that Plaintiff was not morbidly obese and did not have any end organ damage due to an impairment. (Id).

ALJ Davis noted that he considered Plaintiff's subjective complaints of pain, as required by Social Security Ruling 96-7p, 20 C.F.R. §§ 404.1529 and 416.929, and controlling case law. ALJ Davis concluded that the medical evidence of record established that Plaintiff had underlying medical conditions, but it did not support her allegations of limitation of functioning which precluded all substantial gainful activity. The ALJ determined that Plaintiff's allegations of discomfort were out of proportion with the objective medical evidence of record and that it would be impossible to conclude that she was restricted from all work activity. (Tr. at 31).

9

ALJ Davis concluded Plaintiff was limited to performing work at the light exertional level but could not be exposed to dust and fumes; he also concluded Plaintiff had a limited but satisfactory ability to deal with the public, deal with work stresses, and maintain attention and concentration. As a result of these conclusions, ALJ Davis found Plaintiff retained the residual functional capacity to perform her past relevant work as a cashier. ALJ Davis observed that he had a burden to show that Plaintiff could perform her past job as a cashier and used the testimony of a vocational expert to aid in this determination. The vocational expert testified that Plaintiff had no transferable skills but did retain the residual functional capacity to perform her past relevant work as a cashier. He also testified Plaintiff would be able to perform this job if she were to miss work three (3) times a month. (Id.). ALJ Davis concluded that Plaintiff was not disabled within the meaning of the Act. (Tr. at 33).

ALJ Davis' decision to not give the findings of Dr. Jones, Plaintiff's treating physician, controlling weight is supported by substantial evidence. The ALJ noted that Dr. Jones opined that Plaintiff had the maximum ability to: lift and carry on an occasional basis 20 pounds; lift or carry on a frequent basis 10 pounds; and stand and walk 3 hours in an 8 hour day. (Tr. at 26). ALJ Davis also noted Dr. Jones opined that Plaintiff would have to lie down at unpredicted intervals. The ALJ further noted that Dr. Jones based her opinion on an x-ray showing osteoarthritis, dyspnea with low blood gas, and migraines averaging 3 times a week. (Id.). ALJ Davis found Dr. Jones' assessment of Plaintiff's condition was inconsistent with and contradicted by the objective medical evidence and the assessments and opinions of the other medical specialists; therefore, ALJ Davis did not give Dr. Jones' opinion substantial weight. (Tr. at 22-30). Finally, ALJ Davis noted that a claimant's disability status was a determination reserved to the Commissioner.

10

AO 72A
(Rev. 8/82)

ALJ Davis had "good cause" not to provide substantial weight to Dr. Jones' opinion that Plaintiff was unable to work. Additionally, ALJ Davis stated "with particularity" "the reasons" he did not give Dr. Jones' conclusions controlling weight. Furthermore, the ALJ noted that he "carefully considered all of the medical opinions in the record regarding the severity" of Plaintiff's impairments (Tr. at 20), did not find Plaintiff's assertion that she could not work entirely credible (Tr. at 17), considered Plaintiff's subjective complaints of pain, and consulted a vocational expert before concluding that Plaintiff was not disabled. ALJ Davis' determination is supported by substantial evidence and is based on appropriate legal standards.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this ___9th___ day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)